UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIK TRANSPORTATION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| FREEBANDZ PRODUCTIONS LLC, ) | |
| NAVADIUS CASH, MOHAMMED ) | |
| RAMADAN, SARI ABBOUD, UNIVERSAL ) | |
| MUSIC GROUP, INC. ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**

NOW COMES Plaintiff, MIK TRANSPORTATION, INC., by and through its counsel TRIVEDI & KHAN, P.C., and for its Complaint for Damages, states as follows:

**PARTIES**

1. MIK Transportation, Inc. is a Minnesota corporation with its principal place of business in Egan, Minnesota.

2. Defendant Navadius Cash is an individual residing in Miami, Florida.

3. Defendant Freebandz Productions LLC is a Georgia company with its principal place of business in Stockbridge, Georgia.

4. On information and belief, Defendant Freebandz Productions owns the rights to all of Defendant Cash's music.

5. Defendant Universal Music Group, Inc. is a California corporation with its principal place of business in Santa Monica, California.

6. Defendant Mohammed Ramadan is an individual residing in Cairo, Egypt.

1

7. Defendant Sari Abboud is an individual residing in Ottawa, Canada.

8. On information and belief, Defendant Universal Music Group, through its subsidiary record companies, owns the rights to all of Defendants Ramadan and Massari's music.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) as both parties are citizens of different states and the amount at issue is greater than $75,000.

10. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) as a substantial number of the events took place in this judicial district.

## FACTS COMMON TO ALL COUNTS

11. MIK Transportation is a company that created and developed a one-of-a-find vehicle called the "Limo-Jet."

12. MIK spent millions of dollars and hundreds of hours to develop the Limo-Jet.

13. The Limo-Jet is the only known automobile made out of a jet fuselage.

14. MIK registered the trademark for "Limo-Jet."

15. Due to its unique character, clients pay MIK to display the Limo-Jet at various industry shows.

16. MIK routinely receives five figure payments for rental of the Limo-Jet.

17. A clear prohibition against using photographs of the Limo-Jet is clearly displayed on Limo-Jet's website.

18. On April 27, 2023, Defendant Ramadan and his associates contacted MIK's agent to arrange to see the Limo-Jet.

19. On the same day, Defendant Ramadan and his associates discussed with MIK agents the possibility of using the Limo-Jet for various shows in California and Dubai.

20. They specifically stated that Defendant Navadius Cash, known as Future, was interested in using the Limo-Jet in his music videos.

21. The next day, Defendant Ramadan and his associates against contacted MIK for a more extensive session with the Limo-Jet.

22. They told MIK's agent that they were interested in renting the Limo-Jet, but they needed to take some photographs and videos in order to show others that were not present.

23. They stated that they would be showing the videos to Defendant Future and his production company, Defendant Freebandz Productions LLC.

24. Defendant Ramadan and his agents specifically agreed that they would not publish any videos or photographs without MIK's express consent.

25. Defendant Ramadan and his agents also agreed not to damage the vehicle.

26. Based on these assurances, MIK permitted Defendant Ramadan and his agents to take videos and pictures of the Limo-Jet.

27. This included videos inside and outside of the vehicle along with videos taken with an aerial view.

28. Soon thereafter, Defendant Ramadan and his agents left and told MIK that they would get back to them in short order about future business.

29. Through the course of the shooting, Defendant Ramadan and his agents damaged the Limo-Jet including badly scuffing the custom paintjob.

30. MIK waited to hear back from Defendant Ramadan and his agents, but no contact was made.

31. On about February 1, 2024, MIK discovered video footage of the Limo-Jet on You-Tube.

32. The video footage was part of a music video featuring Defendants Mohammad Ramadan, Navadius Cash, and Sari Abboud (also known as "Massari").

33. The video was for a song called "Arabi" where Defendants Ramadan, Cash, and Massari performed.

34. Specifically, the footage included the videos taken on April 27, 2023.

35. The YouTube video currently has been viewed over 51 million times.

36. Defendants Ramadan, Cash, and Abboud are major international pop stars with large followings on and off of social media.

37. MIK also discovered photographs of the Limo-Jet on Defendant Ramadan's social media.

38. On May 21, 2024, MIK sent the Defendants letters demanding compensation for the unauthorized use of the footage of their property.

39. Defendants did not respond.

## COUNT I – BREACH OF CONTRACT (RAMADAN)

40. Plaintiff reincorporates and realleges the allegations of paragraphs 1-39 of this Complaint.

41. Defendant Ramadan entered into an oral agreement with MIK where MIK agreed to allow him to take video and photographs of the Limo-Jet in exchange for renting the Limo-Jet at a later date.

42. As part of this agreement, Defendant Ramadan agreed to not publicly disclose any of the video or photographs.

43. MIK fulfilled its obligations under the oral agreement.

44. Defendant Ramadan breached the agreement by publishing the videos on YouTube as part of the video for the song "Arabi."

4

45. Defendant Ramadan's actions caused damage to MIK.

## COUNT II – NEGLIGENCE (RAMADAN)

46. Plaintiff reincorporates and realleges the allegations of paragraphs 1-39 of this Complaint.

47. Defendant Ramadan owed MIK a duty to exercise ordinary care in his use of the Limo-Jet.

48. Defendant Ramadan breached this duty by damaging the Limo-Jet while, among other actions, dancing on the vehicle.

49. Defendant Ramadan's actions proximately caused damages to MIK, including but not limited to repair.

50. Defendant Ramadan's actions proximately caused damages to MIK by forcing MIK to forgo opportunities to rent out the Limo-Jet while it was under repair.

## COUNT III – COMMON LAW FRAUD (RAMADAN)

51. Plaintiff reincorporates and realleges the allegations of paragraphs 1-50 of this Complaint.

52. Defendant Ramadan and his agents made material misrepresentations to MIK's representatives.

53. These representations took place on April 28, 2023 at Jidd Motors in Des Plaines, IL.

54. The misrepresentations included Ramadan's statements that he intended to provide opportunities for MIK to rent the Limo-Jet in California and Dubai.

55. Ramadan knew these statements were false when he and his representatives made them.

5

56. The statements were intended to induce MIK to permit Ramadan to take extensive video of the Limo-Jet.

57. MIK relied on these statements when permitting Ramadan and his associates to take video and photographs of the Limo-Jet.

58. MIK's reliance on the statements was reasonable.

59. Defendant Ramadan's actions proximately caused damages to MIK.

### COUNT IV – MISAPPROPRIATION (RAMADAN)

60. Plaintiff reincorporates and realleges the allegations of paragraphs 1-59 of this Complaint.

61. MIK spent extensive time, money, skill, and labor to create the Limo-Jet.

62. The Limo-Jet is a unique vehicle.

63. MIK rents and showcases the Limo-Jet to customers across the United States.

64. Defendant Ramadan used the Limo-Jet without authorization from MIK.

65. Defendant Ramadan's use of the Limo-Jet unfairly took advantage of MIK's development of the Limo-Jet.

66. Defendant Ramadan's use of the Limo-Jet in a music video led to great commercial success for Defendant.

67. Defendant Ramadan's use of the Limo-Jet caused commercial damage to MIK by failing to compensate Limo-Jet for its use in the music video.

### COUNT V – BREACH OF CONTRACT (UMG)

68. Plaintiff reincorporates and realleges the allegations of paragraphs 1-39 of this Complaint.

6

69. Defendant Ramadan entered into an agreement with MIK where MIK agreed to allow him to take video and photographs of the Limo-Jet in exchange for renting the Limo-Jet at a later date.

70. As part of this agreement, Defendant Ramadan agreed to not publicly disclose any of the video or photographs.

71. MIK fulfilled its obligations under the oral agreement.

72. Defendant Ramadan breached the agreement by publishing the videos on YouTube as part of the video for the song "Arabi."

73. Defendant Ramadan's actions caused damage to MIK.

74. On information and belief, Ramadan has an agency relationship with Defendant Universal Music Group with respect to artistic production.

75. On information and belief, Ramadan was acting in his capacity as an agent of UMG.

76. Defendant UMG publicly holds out Ramadan as an artist under its labels.

77. Defendant UMG is therefore vicariously liable to MIK for Ramadan's actions.

## COUNT VI – NEGLIGENCE (UMG)

78. Plaintiff reincorporates and realleges the allegations of paragraphs 1-39 and 47-51 of this Complaint.

79. Defendant Ramadan owed MIK a duty to exercise ordinary care in his use of the Limo-Jet.

80. Defendant Ramadan breached this duty by damaging the Limo-Jet while, among other actions, dancing on the vehicle.

81. Defendant Ramadan's actions proximately caused damages to MIK, including but not limited to repair.

82. Defendant Ramadan's actions proximately caused damages to MIK by forcing MIK to forgo opportunities to rent out the Limo-Jet while it was under repair.

83. On information and belief, Ramadan has an agency relationship with Defendant Universal Music Group with respect to artistic production.

84. On information and belief, Ramadan was acting in his capacity as an agent of UMG.

85. Defendant UMG publicly holds out Ramadan as an artist under its labels.

86. Defendant UMG is therefore vicariously liable to MIK for Ramadan's actions.

**COUNT VII – COMMON LAW FRAUD (UMG)**

87. Plaintiff reincorporates and realleges the allegations of paragraphs 1-41 and 52-60 of this Complaint.

88. Defendant Ramadan and his agents made material misrepresentations to MIK's representatives.

89. These representations took place on April 28, 2023 at Jidd Motors in Des Plaines, IL.

90. The misrepresentations included Ramadan's statements that he intended to provide opportunities for MIK to rent the Limo-Jet in California and Dubai.

91. Ramadan knew these statements were false when he and his representatives made them.

92. The statements were intended to induce MIK to permit Ramadan to take extensive video of the Limo-Jet.

93. MIK relied on these statements when permitting Ramadan and his associates to take video and photographs of the Limo-Jet.

94. MIK's reliance on the statements was reasonable.

95. Defendant Ramadan's actions proximately caused damages to MIK.

96. On information and belief, Ramadan has an agency relationship with Defendant Universal Music Group with respect to artistic production.

97. On information and belief, Ramadan was acting in his capacity as an agent of UMG.

98. Defendant UMG publicly holds out Ramadan as an artist under its labels.

99. Defendant UMG is therefore vicariously liable to MIK for Ramadan's actions.

### COUNT VII – MISAPPROPRIATION (UMG)

100. Plaintiff reincorporates and realleges the allegations of paragraphs 1-61 and 61-68 of this Complaint.

101. MIK spent extensive time, money, skill, and labor to create the Limo-Jet.

102. The Limo-Jet is a unique vehicle.

103. MIK rents and showcases the Limo-Jet to customers across the United States.

104. Defendant Ramadan used the Limo-Jet without authorization from MIK.

105. Defendant Ramadan's use of the Limo-Jet unfairly took advantage of MIK's development of the Limo-Jet.

106. Defendant Ramadan's use of the Limo-Jet in a music video led to great commercial success for Defendant.

107. Defendant Ramadan's use of the Limo-Jet caused commercial damage to MIK by failing to compensate Limo-Jet for its use in the music video.

108. On information and belief, Ramadan has an agency relationship with Defendant Universal Music Group with respect to artistic production.

109. On information and belief, Ramadan was acting in his capacity as an agent of UMG.

110. Defendant UMG publicly holds out Ramadan as an artist under its labels.

111. Defendant UMG is therefore vicariously liable to MIK for Ramadan's actions.

## COUNT VIII – MISAPPROPRIATION (CASH)

112. Plaintiff hereby reincorporates and realleges the allegations of paragraphs 1-112 of this Complaint.

113. MIK spent extensive time, money, skill, and labor to create the Limo-Jet.

114. The Limo-Jet is a unique vehicle.

115. MIK rents and showcases the Limo-Jet to customers across the United States.

116. Defendant Cash used the Limo-Jet without authorization from MIK.

117. Defendant Cash's use of the Limo-Jet unfairly took advantage of MIK's development of the Limo-Jet.

118. Defendant Cash's use of the Limo-Jet in a music video led to great commercial success for Defendant.

119. Defendant Cash's use of the Limo-Jet caused commercial damage to MIK by failing to compensate Limo-Jet for its use in the music video.

## COUNT IX – MISAPPROPRIATION (FREEBANDZ)

120. Plaintiff hereby reincorporates and realleges the allegations of paragraphs 1-120 of this Complaint.

121. MIK spent extensive time, money, skill, and labor to create the Limo-Jet.

122. The Limo-Jet is a unique vehicle.

123. MIK rents and showcases the Limo-Jet to customers across the United States.

124. Defendant Cash used the Limo-Jet without authorization from MIK.

125. Defendant Cash's use of the Limo-Jet unfairly took advantage of MIK's development of the Limo-Jet.

126. Defendant Cash's use of the Limo-Jet in a music video led to great commercial success for Defendant.

127. Defendant Cash's use of the Limo-Jet caused commercial damage to MIK by failing to compensate Limo-Jet for its use in the music video.

128. On information and belief, Cash has an agency relationship with Defendant Freebandz Productions with respect to artistic production.

129. On information and belief, Cash was acting in his capacity as an agent of Freebandz.

130. Defendant Freebandz publicly holds out Cash as an artist under its labels.

131. Defendant Freebandz is therefore vicariously liable to MIK for Ramadan's actions.

### COUNT X – MISAPPROPRIATION (ABBOUD)

1. Plaintiff hereby reincorporates and realleges the allegations of paragraphs 1-112 of this Complaint.

2. MIK spent extensive time, money, skill, and labor to create the Limo-Jet.

3. The Limo-Jet is a unique vehicle.

4. MIK rents and showcases the Limo-Jet to customers across the United States.

5. Defendant Abboud used the Limo-Jet without authorization from MIK.

6. Defendant Abboud's use of the Limo-Jet unfairly took advantage of MIK's development of the Limo-Jet.

7. Defendant Abboud's use of the Limo-Jet in a music video led to great commercial success for Defendant.

8. Defendant Abboud's use of the Limo-Jet caused commercial damage to MIK by failing to compensate Limo-Jet for its use in the music video.

WHEREFORE, Plaintiff MIK TRANSPORTATION, INC. prays that this Honorable Court enter an order awarding damages in an amount exceeding $75,000 to be determined at trial, including compensatory damages, reasonable costs and attorney's fees, and granting other such relief as the Court deems just.

>Respectfully submitted,
>**MIK TRANSPORTATION, INC.**
>
>By: *s/ Zubair A. Khan*
>      One of its attorneys

Zubair A. Khan (6275265)
Trivedi & Khan, P.C.
300 N. Martingale Rd, Suite 725
Schaumburg, IL 60173
Phone: (224)-353-6346
Email: service@trivedikhan.com