IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIK TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24 C 6453 |
| | ) | |
| FREEBANDZ PRODUCTIONS LLC, NAVADIUS CASH, MOHAMMED RAMADAN, SARI ABBOUD and UNIVERSAL MUSIC GROUP, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge

MIK Transportation, Inc. has sued a number of defendants, asserting claims of breach of contract, negligence, fraud, and misappropriation. The Court has subject matter jurisdiction based on diversity of citizenship. One of the defendants, Universal Music Group, Inc., has moved to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons stated, below, the Court concludes that personal jurisdiction over UMG is lacking based on the allegations in MIK's amended complaint and therefore dismisses the amended complaint, with leave to amend.

MIK's claims involve a vehicle called the "Limo-Jet," an automobile made from a jet fuselage. MIK has a registered trademark for the term Limo-Jet. Clients pay MIK to display the Limo-Jet at tradeshows and other events.

The defendants in this case are Navadius DeMun Cash, a rapper and singer who

uses the stage name "Future"; Wilburn Holding Co., an entity that owns the rights to Cash's music (Cash was formerly known as Navadius DeMun Wilburn); Mohammed Ramadan, an Egyptian singer and actor; Sari Abboud, a Lebanese-Canadian singer and songwriter; and UMG, a California corporation.

MIK alleges that in April 2023, Ramadan and his associates contacted MIK to arrange to see the Limo-Jet. They discussed with MIK the possibility of using the Limo-Jet for various shows in California and Dubai. They also stated that Cash was interested in using the Limo-Jet in music videos. Ramadan and his associates arranged to take photographs and videos of the Limo-Jet to show to Cash and Wilburn Holding Co. They specifically agreed not to damage the Limo-Jet and agreed not to make public any photos or videos without MIK's express consent. The Limo-Jet was evidently located at a lot in Des Plaines, Illinois when Ramadan and his associates viewed it and took pictures. According to MIK, they damaged the vehicle by scuffing its custom paint job. After this MIK heard nothing more from Ramadan. In February 2024, however, MIK discovered on YouTube footage of the Limo-Jet from the videos Ramadan and his people had taken, in a music video for a song called "Arabi" that featured Ramadan, Abboud, and Cash. As of the date of the complaint's filing, the video had over 51 million views.

MIK is a Minnesota-based corporation, and none of the defendants are Illinois citizens. The principal, and perhaps the only, contact with Illinois asserted by MIK involves the April 2023 visit by Ramadan and his associates to Des Plaines and their related representations and agreements allegedly made here.

UMG has moved to dismiss for lack of personal jurisdiction, contending that it

2

had no relevant contacts with Illinois. In response, MIK relies on Ramadan's contacts with Illinois and the amended complaint's allegations that Ramadan was acting as an agent of UMG. Contacts by a defendant's agent are relevant in determining the existence of specific personal jurisdiction. *See generally Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 591 (7th Cir. 2021).

In considering a motion to dismiss for lack of personal jurisdiction, a court takes the plaintiff's asserted facts as true and resolves factual disputes in its favor. *See, e.g., Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). The plaintiff bears the burden of demonstrating the existence of personal jurisdiction, *id.*, but where (as in this case) no evidentiary hearing is held or sought, the plaintiff's burden is to make out a prima facie case for jurisdiction. *Id.* at 393.

In this case, the contested point involves MIK's allegation, expressly made only "on information and belief," that Ramadan was acting as UMG's agent. The claim of agency is not a factual allegation. Under Illinois law, which presumably would apply (no one argues otherwise), it's a conclusion based on the application of law to facts. *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 489, 675 N.E.2d 584, 592 (1996). And here there are hardly any underlying facts alleged. The relationship between Ramadan and UMG is not described in the complaint as the type of relationship from which agency easily may be inferred—such as that of an employee and employer or a lawyer and client. Rather, all that MIK says is that UMG "publicly holds out Ramadan as an artist under its labels." Am. Compl. ¶ 77. This doesn't tell the Court enough to permit a plausible inference that an agency relationship existed. And MIK does not do much better in its response to the motion to dismiss. All it adds there is that the "Arabi"

3

music video bears UMG's logo at the very end. But this, even when combined with the relatively threadbare allegations in the amended complaint, is not enough to permit an inference that Ramadan was acting as UMG's agent in making the purported representations and agreements regarding non-use of Limo-Jet images or in later using those images.

    For these reasons, based on the amended complaint, there is no basis to attribute Ramadan's (or his associates') Illinois contacts to UMG for purposes of assessing specific personal jurisdiction. The Court therefore need not address UMG's Rule 12(b)(6) arguments at this time. UMG's motion to dismiss for lack of personal jurisdiction is granted. But because this dismissal is based on the sufficiency of the complaint, the Court will give MIK one final opportunity to amend to attempt to address the personal jurisdiction point. Any motion for leave to amend must be filed by December 15, 2024. A telephonic status hearing is set for December 17, 2024 at 9:20 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

    The Court also notes that none of the other defendants aside from Freebandz appears to have been served with process. MIK is ordered to show cause in writing by December 15, 2024 why the other defendants should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for failure to make timely service.

Date: November 25, 2024

                                                                          MATTHEW F. KENNELLY
                                                                          United States District Judge